UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIANE BALLARD

        Plaintiff,

vs.                                           CASE NO: 2:10-cv-765-JES-29SPC

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.
_____

# REPORT AND RECOMMENDATION[1]

This matter comes before the Court on the Plaintiff, Diane Ballard's, Complaint Seeking Review of the Final Decision of the Commissioner of Social Security (Commissioner) denying the Plaintiff's Claim for Disability Insurance (Doc. # 1) filed on December 20, 2010. The Plaintiff filed her Memorandum of Law in Support of the Complaint (Doc. #18) on June 9, 2011. The Commissioner filed the Memorandum of Law in Support of the Commissioner's Decision (Doc. #21) on July 14, 2011. Thus, the Motion is now ripe for review.

The Undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and administrative record, and the pleadings and memoranda submitted by the parties in this case.

---

[1]This Report and Recommendation addresses only the issues brought up for review by the District Court pursuant to 42 U.S.C. § 405(g).

1

# FACTS

## *Procedural History*

The Plaintiff previously filed an application for a period of disability, disability insurance benefits, and Supplemental Security Income on September 25, 2002, alleging she was disabled since May 16, 2001. (Tr. 20, 86-89, 346-51). The claim was denied initially, upon reconsideration, and by Administrative Law Judge (ALJ) decision dated April 22, 2005. (Tr. 17-26, 58-59, 64-65, 354-56, 357-59). Plaintiff filed a request for review of the ALJ's decision and the Appeals Council (AC) denied the request on August 17, 2005. (Tr. 4-6, 13-16). On June 23, 2007, the case was remanded by an order of the AC for further proceedings to determine Plaintiff's residual functional capacity (RFC). (Tr. 462A-66). A second hearing took place on September 2, 2008. (Tr. 599-601). Subsequent to the hearing, Plaintiff amended her alleged onset date to February 1, 2006, making her ineligible for DIB because it was after her date last insured. (Tr. 416, 499). The Agency again denied a request for review of the ALJ's decision and the AC denied this request on October 10, 2010. (Tr. 404-35). Plaintiff appeals from the final decision pursuant to 42 U.S.C. § 1383(c)(3). The Plaintiff has exhausted her administrative remedies, and this case is ripe for review under 42 U.S.C. § 405(g).

## *Plaintiff's History*

The Plaintiff was born on February 26, 1958, making the Plaintiff 50 years of age on the date of the ALJ's decision. (Tr. 567). The Plaintiff alleges an onset disability date of February 1, 2006. The Plaintiff has a high school degree, (Tr. 56), and past relevant work as a bartender and nurse's aide. (Tr. 110). She alleges disability due to neck, shoulder, arm, and back pain. (Tr. 70).

## *Medical History*

After Plaintiff's alleged onset date, between August 23, 2006, and April 9, 2007, Plaintiff

underwent pain management treatment by Edward Sleight, M.D., with regular monthly visits. (Tr. 512-24). Dr. Sleight indicated Plaintiff's gait was okay and muscle strength was normal. (Tr. 513, 517, 519, 521). On numerous occasions, Plaintiff indicated that her pain was relieved up to 60%. (Tr. 513-16, 519, 521-22). Dr. Sleight also noted that Plaintiff was raising her granddaughter and she was self-employed at a hot dog stand. (Tr. 517, 520).

Plaintiff ceased seeing Dr. Sleight and began treating with Dr. Lian Jen, D.O., who started providing pain management treatment to Plaintiff beginning on April 30, 2007. (Tr. 529-539). Based on Plaintiff's MRI from February 8, 2007, Dr. Jen determined that Plaintiff had scoliosis with convex to the left, osteoporosis, and mild degenerative disc disease. (Tr. 538). Dr. Jen determined that Plaintiff's motor strength was 4+/5 in both upper and lower extremities. (Tr. 538). She also noted that Plaintiff's lumbar range of motion was tight with spasms and guarding was limited in all planes. (Tr. 534, 539). Plaintiff had right shoulder impingement with marked crepitus and extension restrictions in the left elbow. (Tr. 529, 534). In addition, Plaintiff's right "IR" was reduced. (Tr. 534). Dr. Jen also treated Plaintiff's left shoulder for degenerative joint disease. (Tr. 530). Dr. Jen treated Plaintiff by switching between methadone and oxycodone, four to five times per day, although the oxycodone was not helping. (Tr. 531-32, 535, 539). Plaintiff had an injection in her right shoulder that resulted in relief for three (3) days. (Tr. 534).

On August 8, 2008, Dr. Jen opined that the severity of Plaintiff's impairments met or equaled the medical impairment listing 1.02B and 1.04C found in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 526). Dr. Jen also opined that claimant could lift less than 10 pounds occasionally and 10-20 pounds frequently due to problems with lumbar disc, shoulder impingement, and degenerative joint disease. (Tr. 527, 556). She also stated that Plaintiff cannot reach in all directions, can't climb,

balance, stoop, kneel, crouch or crawl, can only handle or finger for 1/3 of a workday, can stand/walk for a total of thirty minutes in an eight-hour workday, and needs a break every 30 minutes for medical reasons. (Tr. 527, 556). Dr. Jen opined that due to Plaintiff's chronic pain, Plaintiff is limited in terms of her ability to concentrate; ability to follow, remember, and understand simple instructions; ability to use judgment; ability to respond to supervision; ability to interact with co-workers in usual work situations; and ability to deal with changes in a routine work setting. (Tr. 528. 557).

Plaintiff was also treated at DeSoto Memorial Hospital Center for Family Health from February 2006 to August 2007. (Tr. 540-55). The treatment notes during this time do not indicate that Plaintiff had any functional limitations. Id. The March 2006 notes indicate Plaintiff was not in bad pain. (Tr. 549). On June 7, 2006, Plaintiff's doctor indicated that she was suffering from stomach pain, which was most likely secondary to gastritis. (Tr. 547). On July 19, 2006, Mohamad Altriki, M.D., stated that Plaintiff was suffering from epigastric abdominal pain, most likely secondary to severe anxiety. (Tr. 545). On August 28, 2007, Plaintiff was given a Medrol Dose Pack, but was unable to take it due to the gastric pain. (Tr. 540). The notes from DeSoto Memorial Hospital Center also indicated that Plaintiff's weight had fluctuated between 90 and 98 pounds during the time period between February and August 2006. (Tr. 522, 545, 548, 550, 552). In addition, on August 28, 2007, Plaintiff's weight was 97 pounds. (Tr. 542). The treatment notes also indicated that Plaintiff was taking care of her granddaughter. (Tr. 446, 545, 547).

*Administrative Law Judge's Decision*

Upon consideration of the record, the Administrative Law Judge (ALJ) found the Plaintiff has not engaged in substantial gainful activity since May 16, 2006. (Tr. 441). After a careful review

4

of the medical evidence and Plaintiff's testimony, the ALJ found that Plaintiff had the severe impairments of chronic back pain and right shoulder pain. (Tr. 442). The ALJ further found that Plaintiff's impairments, singly or in combination, did not meet or equal one of the listings. (Tr. 14). The ALJ then determined that Plaintiff had a residual functional capacity (RFC) to perform sedentary to light work with the following limitations: no lifting above shoulder height; occasional limitation for bending, stooping, crouching, and reaching; and occasional limitation for concentrating on tasks assigned but capable of performing routine tasks that do not require acute hearing. (Tr. 442). The ALJ found Plaintiff could not perform her past relevant work (Tr. 449), but decided, after relying on the testimony of a vocational expert (VE), that Plaintiff could perform other work existing in significant numbers in the national economy. (Tr. 450). Accordingly, the ALJ found Plaintiff not disabled. (Tr. 451).

## **THE STANDARD OF REVIEW**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, and whether the findings are supported by substantial evidence. Hibbard v. Commissioner, 2007 WL 4365647 at *2 (M.D. Fla. December 12, 2007) (citing Richardson v. Perales, 402 U.S. 389, 390, 91 S. Ct. 1420, 28 L. Ed 2d 842 (1971); McRoberts v. Bowen, 841 F. 2d 1077, 1080 (11th Cir. 1988)). In evaluating whether a claimant is disabled, the ALJ must follow the sequential inquiry described in the regulations.[2] 20 C.F.R. §§ 404.1520(a), 404.920(a). The

---

[2]The inquiry requires the ALJ to engage in a five-step analysis, which will either preclude or mandate a finding of disability. The steps are as follows:
  *Step 1.* Is the claimant engaged in substantial gainful activity? If the claimant is engaged in such activity, then he or she is not disabled. If not, then the ALJ must move on to the next question.
  *Step 2.* Does the claimant suffer from a severe impairment? If not, then the claimant is not disabled. If there is a severe impairment, the ALJ moves on to step three.
  *Step 3.* Does the claimant's impairment meet or equal one of the listed

5

Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion." Hibbard, 2007 WL 4365647 at *2 (citing Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838–39 (11th Cir. 1982))); Richardson, 402 U.S. at 401.

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Phillips v. Barnhart, 357 F. 3d 1232, 1240 n.8 (11th Cir. 2004). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (holding the court must scrutinize the entire record to determine reasonableness of factual findings).

The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." Phillips, 357 F. 3d at 1240 n.8; Dyer v. Barnhart, 395 F. 3d 1206, 1210 (11th Cir. 2005). If the Commissioner's decision is supported by substantial evidence, it should not be disturbed. Lewis v. Callahan, 125 F. 3d 1436, 1439 (11th Cir. 1997).

---

impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1.  If so, then the claimant is disabled.  If not, the next question must be resolved.
    *Step 4*.  Can the claimant perform his or her former work?  If the claimant can perform his or her past relevant work, he or she is not disabled.  If not, the ALJ must answer the last question.
    *Step 5*.  Can he or she engage in other work of the sort found in the national economy?  If so, then the claimant is not disabled.  If the claimant cannot engage in other work, then he or she is disabled.  See 20 C.F.R. §§404.1520(a)-(f), 416.920(a)-(f); see also Phillips v. Barnhart, 357 F.3d 1232, 1237-40 (11th Cir. 2004); Foote v. Chater, 67 F.3d 1553, 1557 (11th Cir. 1995) (per curiam).

**DISCUSSION**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416 (I), 423 (d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423 (d)(2); 20 C.F.R. §§404.1505 - 404.1511.

The Plaintiff argues that the case should be remanded based upon the following errors: (1) the ALJ erred in failing to obtain a consultative examination as advised by this Court and Appeals Counsel and pursuant to SSR 83-20; (2) the ALJ failed to pose an adequate hypothetical to the vocational expert; (3) the ALJ erred in failing to ask the Vocational Expert whether her testimony conflicted with the DOT; (4) the ALJ failed to consider and assess Plaintiff's additional hearing and ear impairments and anorexia nervosa; and (5) that substantial evidence does not support the ALJ's RFC finding.

*Whether the ALJ was Required to Order a Consultative Examination*

Plaintiff contends that she was denied due process regarding her onset date in violation of SSR 83-20 and the ALJ failed to obtain a consultative examination in violation of the AC's remand order. (Pl.'s Br. at 12). Defendant contends that the ALJ was not required to order a consultative examination.

The ALJ is required to order additional medical tests and examinations only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; Conley v. Bowmen, 781 F.2d 143,

146 (8th Cir. 1986). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision. Holladay v. Bowen, 848 F.2d 1206, 1209 (11th Cir. 1988); Reeves v. Heckler, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (failure to order such an evaluation may be reversible error). Under the regulations, however, the ALJ may determine that a consultative examination or other medical tests are necessary. 20 C.F.R. §416.917 (1998).

An initial hearing was held on this matter on January 7, 2005, (Tr. 368-403) and the ALJ issued an unfavorable decision on April 22, 2005. (Tr. 17-26). On June 23, 2007, the case was remanded by an order of the AC for further proceedings to determine the Plaintiff's RFC. (Tr. 462A-466). The AC's order included instructions that "the Administrative Law Judge may receive additional medical evidence from a consultative examiner to clarify claimant's limitations." (Tr. 466). At the September 2, 2008 hearing on remand, the ALJ noted that there was a gap in the record from September 2004 to August 2006 and Plaintiff only received consistent treatment from February 2006. (Tr. 599-601). Subsequent to the hearing, Plaintiff amended her alleged onset date to February 1, 2006. (Tr. 416).

The ALJ did not err by not ordering a consultative examination. As discussed above, the AC remand order did not require that such examination be ordered and instead it said that the ALJ "**may** receive additional medical evidence from a consultative examiner to clarify claimant's limitations." (Tr. 466) (emphasis added). As discussed, the ALJ had ample evidence to determine Plaintiff's RFC during the relevant time period and is only required to order a consultative examination when the medical evidence does not provide sufficient information for the ALJ to determine whether the claimant is disabled. Prior to the hearing on remand, Plaintiff amended her onset date to eliminating

8

the gap in the record. (Tr. 599-601). By amending the date, the record contained sufficient evidence for the entire period following the onset disability date.

Furthermore, Plaintiff's reliance on SSR 83-20 is misplaced. SSR 83-20, which addresses the onset of disability, is not applicable to this case because the ALJ determined that Plaintiff was not disabled. (Tr. 451). See SSR 83-20, 1983 WL 31249 (1983). SSR 83-20 states, "In addition to determining that an individual is disabled, the decision maker must also establish the onset date of disability." SSR 83-20. Although the Eleventh Circuit has not opined on the issue, several Circuit Courts of Appeal have found that SSR 83-20 does not apply in cases where the ALJ finds no disability. Rosenburg v. Commissioner, 2008 WL 4186988 *6 (M.D. Fla. September 8, 2008) (citing McManus v. Barnhart, 2004 WL 3316303 * 6 (M.D. Fla. December 14, 2004)). "However, other Circuit Courts have found that in the case of "slowly progressive" alleged disabilities, the onset date may be relevant to the issue of whether the disability exists, and therefore SSR 83-20 may apply." Rosenburg, 2008 WL 4186988 at *6. "The Eighth and Third Circuit Courts of Appeal have held – in cases where the claimant's impairment is slowly progressive and the ALJ is required to make a retro-active inference of disability prior to the date last insured– that the ALJ is required to call upon the services of a medical advisor, if the medical evidence during that time period is ambiguous or inadequate." See Chandler v. Commissioner, 2008 WL 3365716 * 6 (M.D. Fla. August 8, 2001).

In this instance, the ALJ made a determination that the Defendant was not disabled based upon the evidence before him and using the Plaintiff's amended onset of disability date of February 1, 2006. Because the claimant was found to be not disabled, the ALJ had no occasion to determine an onset date of disability and properly used Plaintiff's alleged amended onset date for the purpose of this decision. Calkins v Astrue, 2010 WL 557715 * 6 (M.D. Fla. February 12, 2010) (holding that

9

SSR 83-20 is only applicable when a ALJ finds a claimant disabled under the Act). Therefore, the ALJ did not err in not seeking additional evidence from a consultative examiner. Rosenburg, 2008 WL 4186988 at *6.

*Whether the ALJ Posed an Adequate Hypothetical Question to the Vocational Expert*

Plaintiff contends that the ALJ failed to consider Plaintiff's limitations which led to an improper hypothetical question to the Vocational Expert (VE). (Doc. #18, p. 17). Defendant claims that substantial evidence supported the hypothetical question because the ALJ included those functional limitations that were supported by the record. (Doc. #21, p. 16).

Hypothetical questions asked by the ALJ to the vocational expert must describe comprehensively the claimant's impairments. Loveless vs. Massanari, 136 F.Supp.2d 1245, 1250 (M.D. Ala. 2001) (citing Pendley v. Heckler, 767 F.2d 1561, 1652 (11th Cir. 1985) (*per curiam*)). If the hypothetical question upon which the vocational expert bases his evaluation does not assume all of a claimant's impairments, the decision of the ALJ denying a claimant's applications for disability insurance benefits, which is based significantly on the expert testimony, is not supported by substantial evidence. Loveless, 136 F.Supp.2d at 1250.

When using a VE, the ALJ must pose hypothetical questions to the VE to determine whether someone with the same limitations as the claimant will be able to secure employment in the national economy. Humphries v. Barnhart, 183 Fed. Appx. 887, 891 (11th Cir. 2006) (citing Phillips v. Barnhart, 357 F. 3d 1232, 1239 (11th Cir. 2004). That hypothetical question must include "all of the claimant's impairments." Humphries, 183 Fed. Appx. at 891 (citing Wilson v Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002)); Jones v. Apfel, 190 F. 3d 1224, 1229 (11th Cir. 1999) *cert. denied*,

529 U.S., 120 S. Ct. 1723, 146 L. Ed. 2d 664 (2000).

Plaintiff asserts that substantial evidence does not support the ALJ's finding that she could perform other work because the ALJ did not include limitations associated with using her hands, arms, and shoulders in the hypothetical to the VE. (Doc. #18, p. 17). However, the hypothetical question need only include the claimant's functional limitations that are supported by the record. See Jones, 190 F.3d at 122. It is the ALJ's duty to review the medical evidence and set forth the claimant's credible limitations in the hypothetical question to the VE, as the ALJ did in Plaintiff's case. (Tr. 590-91).

As discussed by the ALJ, the record does not support a finding that Plaintiff's alleged problems with her hands, arms, and shoulders caused additional functional limitations and the ALJ was proper in not including them in his hypothetical question to the VE. (Tr. 445-49). There was evidence in the record that Plaintiff could not lift above shoulder height. (Tr. 590). The ALJ found "[a]fter careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary to light work as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b) except with no lifting above the shoulder. (Tr. 442). After providing the VE with the Plaintiff's past work history, the ALJ asked the following hypothetical to the VE:

> [a]ssume that an individual is the same age, education and work experience as the claimant. Has the following residual capacity. Capable of sedentary to light work with an occasional limitation for bending, stooping, crouching and kneeling. Also an occasional limitation for concentrating on tasks assigned and coping with work stress. But capable of performing routine, repetitive tasks that do not require acute hearing. Are there any jobs? . . . Let me add another exertion or limitation . . . No lifting above the shoulder.

(Tr. 590).

Since the ALJ did not find that the Plaintiff's alleged hand and arm pain was severe, the ALJ was not required to include those limitations. The ALJ need only include the claimant's impairments as opposed to each and every symptom allegedly suffered by the claimant but either not supported by medical records or alleviated by medication. Ingram v. Commissioner of Social Security, 496 F.3d 1253, 1270 (11th Cir. 2007). As such, the ALJ's hypothetical properly incorporated all of the Plaintiff's severe limitations and the Commissioner's decision should be affirmed on those grounds.

*Whether the ALJ Erred in Failing to Ask the VE About Any Conflict Between Her Testimony and the DOT?*

The Plaintiff also contends that the ALJ erred in not specifically asking the VE whether her testimony conflicted with the DOT, and that the error was not harmless because there were various conflicts. (Doc. #18, p. 14). Plaintiff argues that the ALJ limited claimant to "no lifting above shoulder height." However, all four of the jobs recommended by the VE require frequent reaching. (Tr. 420, 424, 429, 433). Defendant contends that the error was harmless because the VE's testimony and the DOT did not conflict. (Doc. #21, p. 17).

The Eleventh Circuit has held that when the VE's testimony conflicts with the DOT, the VE's testimony "trumps" the DOT. Miller v Commmissioner, 2007 WL 2461771 (11th Cir. August 31, 2007) (citing Jones v. Apfel, 190 F.3d 1224, 1229-1230 (11th Cir. 1999)). The VE's testimony controls because the VE's task is to determine whether there are jobs in the region which the claimant can perform with his precise disabilities or limitations. Id. Further, the Court of Appeals noted that the DOT states it is not a comprehensive source of information and that it should be supplemented with local job information. Lipson v. Barnhart, 347 F.Supp. 2d 1182, 1189 (M.D. Ala. 2004). "The VE provides this vital [supplemental] information". Id. at 1189. Therefore, an ALJ

12

may rely on the VE's testimony even if it is inconsistent with the DOT. Jones, 190 F.3d at 1229.

Social Security Ruling (SSR) 00-4p states in pertinent part, "When there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p. At the hearing level, the adjudicator has a duty to "fully develop the record by inquiring, "on the record, as to whether or not there is such inconsistency." SSR 00-4p.

Plaintiff claims that conflicts exist between the VE's testimony and the DOT in violation of SSR 00-4p. She contends that the first conflict occurred because the ALJ's RFC limited Plaintiff to no lifting above shoulder height and the jobs identified by the VE require frequent reaching. (Tr. 442, 451). However, Plaintiff fails to cite to any authority or to offer any explanation as to why a limitation on lifting would also cause a limitation on reaching. (Doc. #18, p. 15).

Contrary to the Plaintiff's position, a limitation on lifting is an exertional limitation and a limitation on reaching is a non-exertional limitation. See SSR 96-6p, 61 Fed. Reg. 34,478 (1996). Therefore, Plaintiff's argument lacks merit because limitations on lifting and reaching do not have a bearing on each other.

Further the Plaintiff incorrectly assumes SSR 00-4p is violated simply where an inconsistency may exist. Williams v. Astrue, 2009 WL 2045339 *8 (M.D. Fla. July 8, 2009). This interpretation is generally at odds with the law in the Eleventh Circuit-predating SSR 00-4p-concerning the binding effect of the testimony of a VE when there is a conflict. Id. Secondly, Plaintiff's interpretation of SSR 00-4p is at odds with cases interpreting SSR 00-4p, which only

13

require the ALJ to resolve the conflict when he is made aware of an inconsistency. Id. The Plaintiff's Counsel does not make the ALJ aware during the hearing or with any follow up submissions that there may exists inconsistencies between the VE's testimony and DOT. Moreover, the ALJ specifically points out "[p]ursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles. (Tr. 451). Thus, the ALJ did not violate SSR00-4p because no inconsistencies were pointed out during the hearing and he conclude that there were no conflicts between the VE's testimony and the DOT.

Second, Plaintiff argues that the ALJ improperly relied on the testimony of the VE that Plaintiff could perform the jobs of jewelry preparer, small products assembler, and garment sorter because they have a general education development (GED) reasoning level of 2. (Doc. #18, p. 15-16). Plaintiff claims that the ALJ limited Plaintiff to performing routine tasks, and claims that routine tasks would limit Plaintiff to jobs with a Reasoning level of one (1) and the jobs stated by the VE had a reasoning level of (2). (Doc. #18, p. 15). However, this claim rests upon the belief that the GED reasoning level represents a job complexity limitation. To the contrary, Appendix C of the DOT explains that the components of a GED encompass the required educational development for a job. DOT, App. C: Components of the Definition Trailer, § III (Attachment A). Therefore, the testimony of the VE was not in conflict with the DOT.

Third, Plaintiff claims that her occasional ability to concentrate on assigned tasks precludes her from any full-time employment. (Doc. #18, p. 16). Plaintiff states that in the Social Security disability context, the work "occasionally" refers to "occurring from very little up to one-third of the time, and would generally total no more than about 2 hours of an 8-hour workday." (Doc. #18, p. 16). Further, she claims that inability to concentrate for 1/3 of a workday would prevent her from

obtaining and performing full-time employment because no employer would tolerate employees who are unable to concentrate on tasks for almost three hours in an 8-hour workday. Id.

Plaintiff's reliance on a definition of "occasional" from SSR 96-6p and 83-10p is inappropriate. This definition is used in the context of describing the amount of walking and standing required for sedentary work and makes no mention of relating to any mental limitations. See SSR 96-9; SSR 83-10p. Furthermore, the ALJ included a limitation on concentration in the hypothetical question to the VE. (Tr. 590-91).

Therefore, the ALJ's error was harmless in failing to ask the VE whether her testimony conflicted with the DOT because there was not a conflict.

*Whether the ALJ Erred in Failing to Consider and in Assessing Plaintiff's Ear and Hearing Loss Impairments and/or Anorexia Nervosa*

Plaintiff contends that the ALJ should have found that she had a severe impairment due to the alleged limitations from ear problems, hearing loss and anorexia nervosa. (Doc. #18, p. 22-23). Defendant contends that the record does not include any medical evidence or opinions showing Plaintiff had limitations on her ability to perform work related activities in addition to those found by the ALJ. (Tr. 512-56).

A severe impairment is an impairment which significantly limits a claimant's physical or mental abilities to do basic work activities. See 20 C.F.R. § 416.920(a)(4)(ii), (c); see also 20 C.F.R. § 416.921(a) (defining a non-severe impairment); Bridges v. Bowen, 815 F.2d 622, 625 (11th Cir. 1987) ("An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the

15

individual's ability to work, regardless of age, education, or work experience." (quotations omitted)). In addition, to satisfy the requirements of step two of the sequential evaluation process, an impairment must be severe for at last twelve consecutive months. See 20 C.F.R. §§ 416.905(a), 416.909, 416.920(a)(4)(ii); Barnhart v. Walton, 535 U.S. 212, 217 (2002).

The Plaintiff's mere allegation that she has an impairment without providing any medical support is not sufficient. Ellison, 355 F.3d at 1276 (citing 20 C.F.R. § 416.912(c) (stating claimant must provide medical evidence showing that she has an impairment and how severe it is during the time the claimant says she is disabled). The Plaintiff bears the burden of proof that she suffers from a severe impairment or combination of impairments. Gibbs v. Barnhart, 156 Fed. Appx. 243, 246 (11th Cir. 2005).

There is no medical evidence from after Plaintiff's alleged onset date that suggests that Plaintiff had any impairments due to ear problems or hearing loss. Plaintiff has failed to show that she had a severe impairment due to ear-related problems. Plaintiff has failed to cite to any evidence from after the alleged onset date showing she had such an impairment. The evidence that Plaintiff is relying on, and also the only evidence on the record, is Plaintiff's own testimony that "she cannot hear at all from her left ear and only can hear half as well in her right ear." (Pl.'s Br. at 22). A claimant's subjective complaints alone cannot establish disability and she must provide evidence of an underlying medical condition. See 20 C.F.R. § 416.929(a), (b); SSR 96-7p, 61 Fed. Reg. 34, 483, 1996 WL 374186 (1996); Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002). Moreover, despite the lack of evidence, the ALJ still found Plaintiff had a functional limitation with performing a job that required acute hearing. (Tr. 442). Plaintiff has not shown that her ear impairments have caused any additional limitations.

Plaintiff also contends that the ALJ failed to consider her anexoria. To support this contention, Plaintiff cites to treatment notes indicating Plaintiff's weight was below 100 pounds. (Pl.'s Br. at 23). Even though the treatment notes do indicate that she was below 100 pounds, no doctor, or even the Plaintiff, ever noted or discussed that Plaintiff's body weight was a result of anorexia. (Tr. 512-56, 560-602). To the contrary, Plaintiff testified at the hearing that her weight loss was due to stress and Hepatitis C medication. (Tr. 568). Plaintiff never indicated that her weight loss was caused by anorexia, nor does the evidence show that she suffered any additional functional limitations due to her weight.

Plaintiff has failed to show she had a severe impairment from her alleged ear problems or weight. Plaintiff bears the burden of proving she is disabled and cannot rely on a lack of evidence to do so. See U.S.C. §§ 423(d)(5)(A), 1382c(a)(3)(H)(I); 20 C.F.R. § 416.912(a), (c); Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir.2005); Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001). There is no evidence on the record indicating that Plaintiff had limitations in addition to those found by the ALJ. (Tr. 512-56). See e.g., Longworth v. Comm'r of Social Security, 402 F.3d 591, 596 (6th Cir. 2005) (noting that the lack of restrictions by a physician constitutes substantial evidence for a finding of non-disability). Thus, Plaintiff failed to show she had severe impairments from her alleged ear problems or anorexia.

*Whether Substantial Evidence Supports the Administrative Law Judge's Residual Functional Capacity Finding*

Plaintiff alleges that the ALJ erred in not giving controlling weight to Dr. Lian Jen, D.O., in failing to include all of claimant's limitations and for failing to consider how claimant's 50 percent loss of ability in her left arm affected her ability to perform certain actions. (Pl.'s Br. at 18-

21). Defendant contends that Plaintiff's arguments lack merit and the ALJ's RFC was based on substantial evidence.

The fourth step in the evaluation process requires the ALJ to determine the plaintiff's residual functional capacity (RFC) and based on that determination, decide whether the plaintiff is able to return to his/her previous work. McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). The determination of RFC is within the authority of the ALJ and along with the claimant's age, education, and work experience the RFC is considered in determining whether the claimant can work. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1520(f)). The RFC assessment is based upon all the relevant evidence of a claimant's remaining ability to do work despite her impairments. Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004); Lewis, 125 F.3d at 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545(a)). The ALJ must determine the claimant's RFC using all relevant medical and other evidence in the case. Phillips, 357 F.3d at 1238. That is, the ALJ must determine if the claimant is limited to a particular work level. Id. (citing 20 C.F.R. § 404.1567).

As part of the evaluation, the ALJ considered the medical evidence and opinions from the doctors who examined and treated Plaintiff. (Tr. 446). The weight afforded a medical source's opinion on the issue(s) of the nature and severity of a claimant's impairments depends upon the medical source's examining and treating relationship with the claimant, the evidence the medical source presents to support his opinion, how consistent the opinion is with the record as a whole, the specialty of the medical source, and other factors. See 20 C.F.R. § 416.927(d); SSR 96-2p, 61 Fed. Reg. 34,470 (1996). The opinion of a physician may be discounted when the opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques or if the opinion is

inconsistent with the record as a whole. See 20 C.F.R. § 416.927(d); Crawford v. Comm'r of Soc. Sec, 363 F.3d 1155, 1159-60 (11th Cir. Fla. 2004).

Furthermore, opinions on some issues, such as whether a claimant is disabled and the claimant's RFC, "are not medical opinions, . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." See 20 C.F.R. § 416.927(e); SSR 96-5p, 61 Fed. Reg. 64471 (1996); Bell v. Bowen, 796 F.2d 1350, 1353-54 (11th Cir. 1986).

Plaintiff first contends that the ALJ failed to include all of her limitations in the RFC despite the evidence in the record that claimant's ability to use her hands, arms, and shoulders is limited. (Doc. #18, p. 18). Plaintiff also contends that the ALJ erred in not giving controlling weight to the August 5, 2008 opinions of Dr. Jen, that Plaintiff met Listing 1.02. (Doc. #18, p. 18-21). However, such an opinions is essentially an opinion of disability and is reserved for the Commissioner. See 20 C.F.R. § 416.927(e); SSR 96-5p; Bell, 796 F.2d at 1353-54. Furthermore, the ALJ reviewed the evidence and found that Plaintiff did not meet the requirements of Listing 1.02. (Tr. 442).

Plaintiff at all times had the burden of proving she was disabled. See Carnes v. Sullivan, 936 F.2d 1215, 1218 (11th Cir. 1991). The Social Security Act clearly states that a physical or mental impairment must be an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Commissioner is charged with the duty to weigh the evidence, resolve material conflicts in testimony and determine the case accordingly. See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986); Watson v. Heckler, 738 F.2d 1169, 1172 (11th

Cir. 1984). Even if the Court disagrees with the ALJ's resolution of the factual issues and would resolve those disputed factual issues differently, his decision must be affirmed where, as here, it is supported by substantial evidence in the record as a whole. See Martin, 894 F.2d at 1529. In this case, substantial evidence does support the ALJ's decision that Plaintiff was not disabled.

Accordingly it is hereby

**RESPECTFULLY RECOMMENDED:**

The Decision of the Commissioner should be **AFFIRMED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully Recommended** at Fort Myers, Florida, this __7th__ day of December, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: Counsel of Record