```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

DIANE BALLARD,

                Plaintiff,

vs.                                    Case No.  2:10-cv-765-FtM-29SPC

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                Defendant.
_____

**OPINION AND ORDER**

This matter is before the Court on consideration of Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. #24), filed on December 7, 2011, recommending that the Commissioner's decision to deny social security disability benefits be affirmed. Plaintiff filed Objections (Doc. #25) on December 21, 2011. The Commissioner filed an Unopposed Motion for Entry of Judgment With Remand (Doc. #28) on January 10, 2012. As directed by the Court (Doc. #29), the Commission filed a Memorandum (Doc. #31) explaining his motion for remand.

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a

reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Crawford, 363 F.3d at 1158. Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59. The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211; Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision. Dyer, 395 F.3d at 1210; Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

Plaintiff asserts that the Report and Recommendation should be rejected, and the decision of the administrative law judge (ALJ) should be reversed, because the ALJ (1) improperly applied Eleventh Circuit law by failing to ask the vocational expert whether his testimony conflicted with the Dictionary of Occupational Titles (DOT); (2) the ALJ failed to include plaintiff's reaching limitation in the hypothetical question to the vocational expert; (3) the ALJ's decision is not supported by substantial evidence because of the failure to include the reaching limitation in the questions to the vocational expert; (4) the ALJ and magistrate

judge erred in the consideration of plaintiff's occasional ability to concentrate on tasks; (5) the magistrate judge incorrectly stated that general education development (GED) reasoning level does not represent a job complexity limitation; and (6) the magistrate judge improperly considered plaintiff's ear impairment.

In Jones v. Apfel, 190 F.3d 1224 (11th Cir. 1999), the vocational expert (VE) identified jobs plaintiff could perform with her limitations. The exertional and environmental requirements of some of these jobs conflicted with the DOT. The Court noted a Tenth Circuit opinion which held that before an ALJ could rely on expert testimony as substantial evidence, the ALJ must ask the vocational expert how his or her testimony corresponds with the DOT. The Eleventh Circuit rejected this approach, holding that "when the VE's testimony conflicts with the DOT, the VE's testimony 'trumps' the DOT." Id. at 1229-30.

No binding authority holds that an ALJ has an affirmative duty to ask the VE whether there is a conflict between his or her opinion and the DOT. Social Security Ruling 00-4p does indeed state in pertinent part:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the

> adjudicator will inquire, on the record, as to whether or not there is such consistency.
>
> Neither the DOT nor the VE or VS evidence automatically "trumps" when there is a conflict. The adjudicator must resolve the conflict by determining if the explanation given by the VE or VS is reasonable and provides a basis for relying on the VE or VS testimony rather than on the DOT information.

SSR 00-4p, 2000 WL 1898704, 2000 SSR LEXIS 8 (Dec. 4, 2000). Because Social Security Rulings are not binding on the court, there was no error in this case in relying upon the testimony of the vocational expert. Hurtado v. Comm'r of Soc. Sec., 425 F. App'x 793 (11th Cir. 2011); Jones v. Comm'r of Soc. Sec., 423 F. App'x 936, 939 n.4 (11th Cir. 2011)(citing B. on behalf of B. v. Schweiker, 643 F.2d 1069, 1071 (5th Cir. Unit B Apr. 1981)); Peeler v. Comm'r of Soc. Sec., 400 F. App'x 492, 496 (11th Cir. 2010)("The ALJ did not err in relying on Dr. Feldman's testimony even if it conflicted with information in the DOT because under our precedent Dr. Feldman's testimony trumps the DOT. See Jones, 190 F.3d at 1229-30."); Miller v. Comm'r of Soc. Sec., 246 F. App'x 660, 662 (11th Cir. 2007)("Even assuming that an inconsistency existed between the testimony of the vocational expert and the DOT, the ALJ did not err when, without first resolving the alleged conflict, he relied on the testimony of the vocational expert. Our precedent establishes that the testimony of a vocational expert "trumps" an inconsistent provision of the DOT in this Circuit. See Jones, 190 F.3d at 1229-30."). Plaintiff's objection is overruled.

The Commissioner, in the explanation as to why the motion for remand on this issue was not timely filed prior to the issuance of the Report and Recommendation, asserts that plaintiff never identified a specific conflict between the VE's testimony and the DOT until her Objections to the Report and Recommendation (Doc. #31, pp. 2-3). The Commissioner asserts that plaintiff has now identified frequent reaching as the distinctive characteristic from the DOT which is inconsistent with the VE's testimony. The Commissioner's explanation is patently incorrect, since plaintiff specifically asserted frequent reaching as the DOT requirement inconsistent with the VE's testimony in her initial Memorandum (Doc. #18, p. 15)("In this case, the ALJ failed to ask the VE whether her testimony was consistent with the DOT (Tr. 588-594). . . . . However, all of four of the jobs recommended by the VE require *frequent* reaching (Tr. 420, 424, 429, 433). Frequent reaching is inconsistent with a limitation of "no lifting above shoulder height" (Tr. 442).").

Plaintiff objects to the failure to include her reaching limitation in the hypothetical question to the vocational expert, which plaintiff argues results in a lack of substantial evidence. The Court agrees with the Report and Recommendation (Doc. #24, pp. 10-12) that the ALJ properly incorporated all of plaintiff's severe limitations into the hypothetical questions, and therefore overrules these objections.

The Court finds no error by the ALJ in including "an occasional limitation for concentrating on tasks assigned and copying with work stress" regardless of whether the Report and Recommendation is correct as to "occasional". There is no evidence that the VE found the term or the question vague. The objection is overruled. No binding authority is cited to support the argument that the magistrate judge incorrectly stated that the general education development (GED) reasoning level does not represent a job complexity limitation. This objection is overruled. The Court also finds no error by the ALJ or the magistrate judge in the consideration of plaintiff's ear impairment. This objection is also overruled.

After an independent review, the Court agrees with the findings and recommendations in the Report and Recommendation, as modified to find no error instead of harmless error as to the VE testimony.

Accordingly, it is now

**ORDERED**:

1. The Report and Recommendation (Doc. #24) is accepted and **adopted** by the Court, as modified above.

2. The Decision of the Commissioner of Social Security is **AFFIRMED**.

3. Unopposed Motion for Entry of Judgment With Remand (Doc. #28) is **GRANTED IN PART AND DENIED IN PART**. The Court declines to

reverse the Decision of the Commissioner, but will remand the case to the Commissioner as his request pursuant to sentence four of 42 U.S.C. § 405(g) to take whatever action, if any, the Commissioner feels is appropriate.

4. The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of January, 2012.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
U.S. Magistrate Judge

Counsel of Record