```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

DIANE BALLARD,

        Plaintiff,

vs.                                    Case No. 2:10-cv-765-FtM-29SPC

CAROLYN W. COLVIN[1], Acting Commissioner of Social Security,

        Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. 406(b) (Doc. #37) filed on May 2, 2013. The Commissioner filed a Response (Doc. #38) indicating no financial stake in the outcome and no objection to the amount of fees requested, or counsel's intent to refund the previously awarded Equal Access to Justice Act fees, and leaving the determination of whether the fees are reasonable to the Court.

Plaintiff initially sought Social Security Disability Insurance benefits and Supplemental Security Income in 2002. See 2:05-cv-504-FTM-99SPC. On June 11, 2006, based on an unopposed motion to remand, the Decision of the Commissioner was reversed and remanded to conduct a full assessment of plaintiff's residual functional capacity. Judgment was entered in favor of plaintiff

---

[1]The Acting Commissioner is automatically substituted as the successor officer pursuant to Fed. R. Civ. P. 25(d).

and attorney fees in the amount of $634.62 for Carol Avard and $3,348.43 for Sarah H. Bohr were awarded. (Doc. #37-5, Ex. E.)

In this case, in 2010, plaintiff sought review of the 2008 Decision finding that she was not disabled. On January 18, 2012, the Court adopted the Magistrate Judge's Report and Recommendation (Doc. #24), as modified[2], and affirmed the Decision of the Commissioner. The Court declined to reverse the Decision of the Commissioner but remanded the case to the Commissioner at his request[3] to take whatever action deemed appropriate. (Doc. #32.) Judgment was entered the same day. (Doc. #33.) On March 26, 2012, the Court granted plaintiff's Uncontested Petition for EAJA Fees and awarded $6,603.38 in attorney fees and $36.00 for paralegal fees for counsel, and the Clerk issued an Amended Judgment. (Docs. ## 35, 36.)

Counsel for plaintiff now seeks attorney's fees totaling 25% of plaintiff's past-due Social Security Disability Benefits, or $21,626.75, pursuant to a signed Federal Court 406(b) Fee and Cost Agreement (Doc. #37-3) entered into on December 14, 2010.

The Eleventh Circuit Court of Appeals has determined that "42 U.S.C. § 406(b) authorizes an award of attorney's fees where the

---

[2] The findings and recommendations were modified to find no error rather than harmless error as to the vocational expert testimony. (Doc. #32, p. 6.)

[3] The Commissioner's explanation why a timely motion for remand was not filed prior to the issuance of a Report and Recommendation was rejected as patently incorrect. (Doc. #32, p. 5.)

district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006).  Therefore, plaintiff is permitted to return to the Court and seek fees not exceeding 25 percent of past-due benefits awarded.  The fees, however, must still be reasonable and may be offset against a previous award. See Gisbrecht v. Barnhart, 535 U.S. 789 (2002); Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268 (11th Cir. 2010).  An attorney may choose to deduct an earlier EAJA award from a subsequent 406(b) award rather than refunding the smaller EAJA fee and accepting the 406(b) in full.  Green v. Comm'r of Soc. Sec., 390 F. App'x 873, 874 (11th Cir. 2010).

On April 2, 2013, well after plaintiff entered into a contingency agreement with counsel, a Notice of Award (Doc. #37-2, Ex. B) was issued notifying plaintiff that she was entitled to monthly disability benefits beginning from November 2001, and that she was found to be disabled as of May 16, 2001.  Plaintiff was also notified that 25% of past due benefits would be withheld to pay for her representation in the amount of $21,626.75.  The Court finds that the contingency agreement is reasonable, and that there was no undue delay by counsel in obtaining the benefits.

Counsel previously expended 24.70 hours for the first EAJA fees award and an additional 34.6 (including .60 for the paralegal)

hours for the second EAJA fees award for a total of 59.3 hours. Although almost 60 hours appears excessive for one case, this was over two cases and over 9 years at a substantial risk of loss to counsel. Counsel previously received attorney's fees in the amount of $3,983.05 in 2007 and $6,639.38 in 2012 ($10,622.43 total) for judicial time but has received no fees for the administrative work in these cases. (Doc. #37, p. 4.) The Court finds that the benefits are not disproportion to the hours expended, and that the 25% represents a more than reasonable amount of fees considering the history of this case. The motion will be granted and the award offset by the previous amount of attorney's fees awarded.

Accordingly, it is now

**ORDERED:**

Plaintiff's Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. 406(b) (Doc. #37) is **GRANTED** and the Clerk shall enter a Supplemental Judgment awarding additional attorney's fees to counsel for Diane Ballard in the amount of **$11,004.32** pursuant to 42 U.S.C. § 406(b), with all other aspects of the prior Judgments (Docs. ## 33, 36) to remain enforceable as previously entered.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of June, 2013.

JOHN E. STEELE
United States District Judge

Copies: Counsel of record